Case 3:19-cv-01175-BAS-MSB   Document 1   Filed 06/21/19   PageID.1   Page 1 of 15

FILED
Jun 24 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ jenniferv   DEPUTY

Elliot Rosenberger (Cal. Bar No. 298837)
Joshua Biletsky (Cal. Bar No. 285438)
Biletsky Rosenberger
7080 Hollywood Blvd., Ste. 1100
Los Angeles, CA 90028
Telephone: (424) 442-9243
Facsimile: (866) 317-2674
erosenberger@thompsonconsumerlaw.com
jbiletsky@thompsonconsumerlaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michelle Travis,<br><br>Plaintiff,<br><br>vs.<br><br>Central Credit Services, LLC, Commonwealth Financial Systems, Inc., and Pendrick Capital Partners II LLC,<br><br>Defendants. | Case No. **'19CV1175 BAS MSB**<br><br>**COMPLAINT AND TRIAL BY JURY DEMAND** |

## NATURE OF ACTION

1. Plaintiff Michelle Travis ("Plaintiff") brings this action against Defendant Central Credit Services, LLC ("CCS"), Commonwealth Financial Systems, Inc. ("Commonwealth") and Pendrick Capital Partners II LLC ("Pendrick") pursuant to the Fair Debt Collection Practices Act ("FDCPA") (together "Defendants"), 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*

# JURISDICTION, STANDING, AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1367, and 28 U.S.C. § 1331.

3. Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendants that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

# THE FAIR DEBT COLLECTION PRACTICES ACT

5. Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v.*

*Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

6. To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

7. Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers. *Clark*, 460 F.3d at 1176.

8. "In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress 'clearly intended that private enforcement actions would be the primary enforcement tool of the Act.'" *Id.* (quoting *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982)).

9. Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).

10. "An FDCPA Plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1117-18 (9th Cir. 2014) (emphasis in original).

11. "[B]ecause the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors—repeat players likely to be acquainted with the legal standards governing their industry—to bear the brunt of the risk." *Clark*, 460 F.3d at 1171-72; *see also FTC v. Colgate–Palmolive Co.,* 380 U.S. 374, 393 (1965) ("[I]t does not seem unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.") (internal quotations omitted).

## THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

12. "California has adopted a state version of the FDCPA, called the Rosenthal Act." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012).

13. Like the FDCPA, the purpose of the RFDCPA is to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title." Cal. Civ. Code § 1788.1(b).

14. "The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations." *Riggs*, 681 F.3d at 1100.

15. "[A] plaintiff who recovers under the FDCPA is entitled to damages under the corresponding section of the RFDCPA." *Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069, 1077 (E.D. Cal. 2007).

## PARTIES

16. Plaintiff is a natural person who at all relevant times resided in the State of California, County of San Diego, and City of Carlsbad.

17. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

18. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

19. CCS is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d).

20. CCS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

21. CCS is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

22. Commonwealth is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d).

23. Commonwealth is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

24. Commonwealth is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

25. Pendrick is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged, by use of the mails and telephone, in the business of directly or indirectly attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d).

26. Pendrick is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

27. Pendrick is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## FACTUAL ALLEGATIONS

28. Plaintiff is a natural person allegedly obligated to pay a debt.

29. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical services (the "Debt").

30. CCS uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

31. CCS regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

32. Commonwealth uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

33. Commonwealth regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

34. Pendrick uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

35. Pendrick's website says that it has purchased more than 75 million accounts with a face value in excess of $25 billion from numerous physician groups, hospitals and ambulance companies.

36. Pendrick acquired Plaintiff's Debt after it was in default.

37. Pendrick placed the Debt with Commonwealth for collection purposes on or before March 30, 2017.

38. Commonwealth has attempted to collect the Debt from Plaintiff on the following dates: March 30, 2017, February 2, 2018, January 4, 2019.

39. In connection with the collection of the Debt, CCS, itself and on behalf of Pendrick, sent Plaintiff written communication dated June 29, 2018.

40. A true and correct copy of the June 29, 2018 letter is attached as Exhibit A.

41. The June 29, 2018 letter asserts that the balance due is $408. Exhibit A.

42. The June 29, 2018 letter states, in relevant part: "If you are unable to remit the total balance for the Account(s), we have a reduced payment option available to you." Exhibit A.

43. The June 29, 2018 letter offers that Plaintiff pay a reduced single payment of $204, thus saving $200. Exhibit A.

44. By making this payment, Plaintiff can "resolve the above account(s) for less than the total balance." Exhibit A.

45. The June 29, 2018 letter warns that "[t]his offer will remain effective for 45 days, but may expire thereafter." Exhibit A.

46. It goes on to state that Defendants are "not obligated to renew this offer." Exhibit A.

47. By stating "[w]e are not obligated to renew any offers provided" the letter is misleading or deceptive, because the least sophisticated consumer may read the letter as suggesting there could be financial consequences to not paying the Debt, when in fact, the Debt was unenforceable. Exhibit A.

48. Similarly, by adding an expiration date in 45 days, the letter creates a false sense of urgency that would mislead the least sophisticated consumer into believing there could be financial consequences to not paying the Debt by that date, when in fact, the Debt was unenforceable.

49. The June 29, 2018 letter also that the "law limits how long you can be sued on a debt. Because of the age of your debt, Pendrick Capital Partners II LLC will not sue you for it. If you do not pay the debt, Pendrick Capital Partners II LLC may report it to the credit reporting agencies as unpaid for as long as the law permits this reporting" (the "Disclaimer"). Exhibit A (all caps omitted).

50. The Disclaimer is not prominently disclosed in the letter. *See* Exhibit A.

51. The June 29, 2018 letter further includes other language that detracts from the Disclosure.

52. The Debt is no longer enforceable by judicial means.

53. However, the June 29, 2018 letter fails to disclose that the Debt is no longer enforceable by judicial means.

54. The June 29, 2018 letter fails to specifically disclose that the debt was time-barred by California's statute of limitations.

55. By only generally explaining that "the law limits how long you can be sued on a debt" and that "because of the age of the debt," Defendants "will not sue you for it," instead of "cannot" sue you for it, the letter "could lead the least sophisticated consumer to believe that the creditor had simply chosen not to sue—not that it was barred from

doing so." *Gunther v. Midland Credit Management, Inc. et al.*, No. 2:17-CV-704, 2018 WL 4621764, at *8 (D. Utah Sept. 26, 2018).

56. In connection with the collection of the Debt, Commonwealth sent Plaintiff a letter dated January 4, 2019.

57. A true and correct copy of Commonwealth's January 4, 2019 letter is attached as Exhibit B.

58. Like CCS's June 29, 2018 letter, Commonwealth's January 4, 2019 letter contains the Disclaimer.

59. The Disclaimer is placed below the signature block, indicating that it is of lesser importance, when, in fact, it is the most important information that a consumer with limited resources and multiple outstanding debts would want to have.

60. Both letters encourage Plaintiff to pay the Debt without disclosing that by making even a single partial payment the statute of limitations would potentially be revived which would allow Pendrick another four years to sue for the entire balance. *See* Cal. Civ. Pro. § 360.

61. "To the extent a 'least sophisticated consumer' notices the time-barred debt disclosure in small print at the bottom, when read in the context of the [] letter as a whole, the disclaimer creates the impression that partial payments can be made free from the risk of a collection action if the debt is not paid in full." *Shadow v. Midland Credit Management, Inc.*, No. 3:17-CV-02277-L-BLM, 2018 WL 4357980, at *2 (S.D. Cal. Sept. 13, 2018).

62. "Although partial payment of a time-barred debt does not necessarily revive it, it may, provided there is a written acknowledgment." *Id.* at *3.

63. By implying that there will be financial consequences to not paying the Debt, failing to advise Plaintiff that a partial payment would revive the statute of limitations against the Debt, and then offering Plaintiff a payment plan, Defendants deceived and misled Plaintiff into acknowledging the Debt for purposes of reviving the statute of limitations against the Debt.

64. Defendants' conduct is unfair and unconscionable, and is part of a debt collection practice designed to create a false sense of fear and urgency in the consumer in order to get consumers to make payment on time barred debts.

65. Upon information and belief, debt collectors actually collect more money from consumers when it includes legal disclosures, like the one here, that mention litigation.

66. Upon information and belief, this is because the mere mention of litigation causes unsophisticated consumers, who are not equipped to comprehend the disclosure, to worry about legal action and therefore make payment.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e

67. Plaintiff repeats and re-alleges each and every factual allegation above.

68. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir.

2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

69. CCS and Commonwealth violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt.

70. Pendrick, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of CCS and/or Commonwealth—the debt collectors it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692f

71. Plaintiff repeats and re-alleges each factual allegation above.

72. The FDCPA also prohibits the use of unfair or unconscionable means to collect debts. *See* 15 U.S.C. § 1692f.

73. In addition to the non-exhaustive list of conduct that violates the FDCPA, § 1692f "allows a court to sanction improper conduct the FDCPA fails to address specifically." *Turner v. Professional Recovery Services, Inc.*, 956 F. Supp. 2d 573, 580 (D.N.J. 2013) (quoting *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996)).

74. CCS and Commonwealth violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect an alleged debt.

75. Pendrick, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of CCS and/or Commonwealth—the debt collectors it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF CAL. CIV. CODE § 1788.17

76. Plaintiff repeats and re-alleges each factual allegation above.

77. A debt collector violates Cal. Civ. Code § 1788.17 by failing to comply with §§ 1692b-j of the FDCPA.

78. "[A]s any violation of the Rosenthal Act is a violation of the FDCPA, Plaintiff's claims under this cause of action are insufficiently supported as well." *Miran v. Convergent Outsourcing, Inc.*, No. 316CV00692AJBJMA, 2017 WL 1410296, at *6 (S.D. Cal. Apr. 20, 2017).

79. Here, the June 28, 2018 letter and January 4, 2019 letter failed to comply with §§ 1692e and 1692f as they attempted to collect a time-barred debt from Plaintiff using false, deceptive, or misleading representations or means, and unfair practices.

80. Therefore, by failing to comply with the FDCPA, CCS and Commonwealth violated Cal. Civ. Code § 1788.17.

81. Pendrick, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of CCS and/or Commonwealth—the debt collectors it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated Cal. Civ. Code § 1788.17;

b) Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30(b), in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30(c);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

82. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: June 21, 2019

Respectfully submitted,

/s/ Elliot Rosenberger
Elliot Rosenberger (Cal. Bar No. 298837)
Biletsky Rosenberger
7080 Hollywood Blvd., Ste. 1100
Los Angeles, CA 90028
Telephone: (424) 442-9243
Facsimile: (866) 317-2674
erosenberger@thompsonconsumerlaw.com

/s/ Joshua Biletsky
Joshua Biletsky (Cal. Bar No. 285438)
Biletsky Rosenberger
7080 Hollywood Blvd., Ste. 1100
Los Angeles, CA 90028
Telephone: (424) 442-9243
Facsimile: (866) 317-2674
jbiletsky@thompsonconsumerlaw.com

*Co-counsel with:*
*Thompson Consumer Law Group, PLLC*

**Correspondence address:**

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave D106-618
Mesa, AZ 85206
TCLG@thompsonconsumerlaw.com

Attorneys for Plaintiff